# STATE OF NORTH CAROLINA

ROBESON County

File No. 21CVS3010

In The General Court Of Justice
☐ District ☒ Superior Court Division

**Name Of Plaintiff**
ALFRED THOMPSON

**Address**

**City, State, Zip**

## CIVIL SUMMONS
☒ ALIAS AND PLURIES SUMMONS (ASSESS FEE)

**VERSUS**

**Name Of Defendant(s)**
RONALD KEVIN DEBERRY and ALL-TEX, INC. DBA INLINE DISTRIBUTING COMPANY

G.S. 1A-1, Rules 3 and 4

**Date Original Summons Issued**
11/17/2021

**Date(s) Subsequent Summons(es) Issued**
01/14/2022   03/08/2022   05/03/2022

**To Each Of The Defendant(s) Named Below:**

**Name And Address Of Defendant 1**
ALL-TEX, INC. DBA INLINE DISTRIBUTING CO.
c/o SCOTT BADER, REGISTERED AGENT
14093 BALBOA BLVD
SYLMAR, CA 91342

**Name And Address Of Defendant 2**

⚠ **IMPORTANT!** You have been sued! These papers are legal documents, DO NOT throw these papers out! You have to respond within 30 days. You may want to talk with a lawyer about your case as soon as possible, and, if needed, speak with someone who reads English and can translate these papers!

**¡IMPORTANTE!** ¡Se ha entablado un proceso civil en su contra! Estos papeles son documentos legales. ¡NO TIRE estos papeles!
Tiene que contestar a más tardar en 30 días. ¡Puede querer consultar con un abogado lo antes posible acerca de su caso y, de ser necesario, hablar con alguien que lea inglés y que pueda traducir estos documentos!

**A Civil Action Has Been Commenced Against You!**

You are notified to appear and answer the complaint of the plaintiff as follows:

1. Serve a copy of your written answer to the complaint upon the plaintiff or plaintiff's attorney within thirty (30) days after you have been served. You may serve your answer by delivering a copy to the plaintiff or by mailing it to the plaintiff's last known address, and
2. File the original of the written answer with the Clerk of Superior Court of the county named above.

If you fail to answer the complaint, the plaintiff will apply to the Court for the relief demanded in the complaint.

**Name And Address Of Plaintiff's Attorney (if none, Address Of Plaintiff)**
J. WILLIAM OWEN
MUSSELWHITE, MUSSELWHITE, BRANCH & GRANTHAM
P.O. BOX 1448
LUMBERTON                NC      28359

**Date Issued** 5/3/2022    **Time** 11:16  ☒ AM  ☐ PM

**Signature** Donb R Chavis

☒ Deputy CSC  ☐ Assistant CSC  ☐ Clerk Of Superior Court

☐ **ENDORSEMENT (ASSESS FEE)**
This Summons was originally issued on the date indicated above and returned not served. At the request of the plaintiff, the time within which this Summons must be served is extended sixty (60) days.

**Date Of Endorsement**    **Time**    ☐ AM  ☐ PM

**Signature**

☐ Deputy CSC  ☐ Assistant CSC  ☐ Clerk Of Superior Court

**NOTE TO PARTIES:** Many counties have **MANDATORY ARBITRATION** programs in which most cases where the amount in controversy is $25,000 or less are heard by an arbitrator before a trial. The parties will be notified if this case is assigned for mandatory arbitration, and, if so, what procedure is to be followed.

(Over)

AOC-CV-100, Rev. 4/18
© 2018 Administrative Office of the Courts

**EXHIBIT A**

## RETURN OF SERVICE

I certify that this Summons and a copy of the complaint were received and served as follows:

### DEFENDANT 1

| Date Served | Time Served | ☐ AM ☐ PM | Name Of Defendant |

☐ By delivering to the defendant named above a copy of the summons and complaint.

☐ By leaving a copy of the summons and complaint at the dwelling house or usual place of abode of the defendant named above with a person of suitable age and discretion then residing therein.

☐ As the defendant is a corporation, service was effected by delivering a copy of the summons and complaint to the person named below.

Name And Address Of Person With Whom Copies Left (if corporation, give title of person copies left with)

☐ Other manner of service (specify)

☐ Defendant WAS NOT served for the following reason:

### DEFENDANT 2

| Date Served | Time Served | ☐ AM ☐ PM | Name Of Defendant |

☐ By delivering to the defendant named above a copy of the summons and complaint.

☐ By leaving a copy of the summons and complaint at the dwelling house or usual place of abode of the defendant named above with a person of suitable age and discretion then residing therein.

☐ As the defendant is a corporation, service was effected by delivering a copy of the summons and complaint to the person named below.

Name And Address Of Person With Whom Copies Left (if corporation, give title of person copies left with)

☐ Other manner of service (specify)

☐ Defendant WAS NOT served for the following reason:

| Service Fee Paid $ | Signature Of Deputy Sheriff Making Return |
| Date Received | Name Of Sheriff (type or print) |
| Date Of Return | County Of Sheriff |

AOC-CV-100, Side Two, Rev. 4/18
© 2018 Administrative Office of the Courts

STATE OF NORTH CAROLINA　　　　　　　　　　IN THE GENERAL COURT OF JUSTICE
　　　　　　　　　　　　　　　　　FILED　　　SUPERIOR COURT DIVISION
COUNTY OF ROBESON　　　　　　　　　　　　　　21 CVS 3010

　　　　　　　　　　　　　　　2021 NOV 17 P 3:59

ALFRED THOMPSON　　　　　　　ROBESON CO., C.S.C.

　　　　Plaintiff,

　　v.　　　　　　　　　　　　　　　　　　　　**COMPLAINT**

　　　　　　　　　　　　　　　　　　　　　　　(Jury Trial Demanded)

RONALD KEVIN DEBERRY and
ALL-TEX, INC. DBA INLINE DISTRIBUTING
COMPANY

　　　　Defendants.

NOW COMES the Plaintiff, complaining of the Defendants and alleges and says:

　　1.　Plaintiff Alfred Thompson (hereafter, "Plaintiff") is a citizen and resident of Bladen County, North Carolina.

　　2.　Upon information and belief, Defendant Ronald Kevin Deberry (hereafter, "Defendant Deberry") is a citizen and resident of Miramar, Florida.

　　3.　Upon information and belief, Defendant All-Tex, Inc. DBA Inline Distributing Company (hereafter, "Defendant All-Tex") is a foreign corporation incorporated in the State of California with its principal office located at 14093 Balboa Blvd. Sylmar, CA 91342.

　　4.　At all times relevant herein, Defendant All-Tex was a national distributor of construction, restoration, abatement, and janitorial products and has engaged in substantial business operations and sales in the State of North Carolina, including the County of Robeson, and continues to do so.

　　5.　At all times relevant herein, Defendant All-Tex operated and leased commercial motor vehicles in interstate commerce, including in and through the State of North Carolina,

1

including the County of Robeson, under U.S. DOT No. 666491 and held itself out as "Inline Distributing Company."

6. Upon information and belief, at all times relevant herein, Defendant Deberry was acting as an agent or employee of Defendant All-Tex and within the course and scope of said agency.

7. That on or about November 27, 2018 at approximately 12:00pm, Defendant Deberry was operating a 2019 International commercial motor vehicle owned by Penske Leasing but leased by Defendant All-Tex.

8. At the time and date above stated, Plaintiff was operating a 2006 Volvo commercial motor vehicle and was legally parked in the emergency lane on the side of Interstate 20 near Elgin, South Carolina.

9. At the time and date above stated, Defendant Deberry was traveling east on I-20 and was driving too fast for conditions, traveled off the right side of the roadway and struck Plaintiff, who was a pedestrian, and also Plaintiff's commercial vehicle.

10. Defendant Deberry was negligent and negligent *per se* in that he:
    a. Failed to keep a proper lookout;
    b. Operated his commercial vehicle at a speed unsafe for the conditions then-existing;
    c. Operated his vehicle in a careless, reckless and unsafe manner;
    d. Otherwise failed to operate the vehicle as a reasonable and prudent person under same or similar circumstances as will be shown in discovery.

11. Such negligence of Defendant Deberry was the direct and proximate cause in Plaintiff suffering serious and painful personal injuries, actual physical pain and mental suffering, and incurring medical and other related expenses for his injuries for which the Plaintiff is entitled to an award of compensatory damages.

2

12.     Such negligence of Defendant Deberry was the direct and proximate cause in Plaintiff suffering loss of income and loss of future earning capacity for which Plaintiff is entitled to an award of compensatory damages.

13.     Upon information and belief, at all times relevant herein, Defendant Deberry was acting as an employee or agent of Defendant All-Tex and was acting within the course and scope of said employment or agency relationship thereby imputing the negligence of Defendant Deberry to Defendant All-Tex under the theories of *respondeat superior* and agency.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff prays for judgment against the Defendants, jointly and severally as follows:

a. For judgment in an amount *in excess of* TWENTY-FIVE THOUSAND DOLLARS ($25,000.00) plus interest thereon as allowed by law in favor Plaintiff for compensatory damages;
b. That the cost of the action be taxed against the Defendants;
c. For a trial by jury;
d. For such other and further relief as the Court may deem just and proper.

This the 17th day of November, 2021.

MUSSELWHITE, MUSSELWHITE,
BRANCH & GRANTHAM

J. WILLIAM OWEN
N.C. Bar No. 47994
P.O. Box 1448
Lumberton, NC 28359
wowen@mmbglaw.com
*Attorney for Plaintiff*

3